UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABAXES LLC, a Delaware limited liability company, individually and on behalf of a class of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-02109 |
| v. | ) ) | Hon. Charles R. Norgle |
| | ) | Magistrate Judge Beth W. Jantz |
| VL TRUCKING, INC., an Illinois corporation; ALEX NEDELTCHEV, an individual; VOLODYMYR LYNEVYCH, an individual; and VITALI MURATOV, an individual, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## MOTION FOR CLASS CERTIFICATION

Plaintiff Abaxes LLC ("Abaxes") respectfully moves for class certification pursuant to Federal Rule of Civil Procedure 23 and respectfully requests that the Court delay ruling on this motion pending the completion of discovery and a briefing schedule. In support of this motion, Abaxes states:

1. Abaxes filed its Class Action Complaint on April 22, 2022, alleging claims for federal ICC Termination Act violations, federal Truth-in-Leasing violations, breach of contract, deceptive trade practices, fraud, aiding and abetting fraud, and conspiracy to commit fraud based on leasing agreements it had with Defendant VL Trucking.

2. Defendants have not appeared, answered or otherwise filed a responsive pleading to Abaxes's Class Action Complaint.

1

3. Out of an abundance of caution to avoid any potential strategies by Defendants to undermine the Abaxes's standing to pursue the class's claims by capitulating on their individual claims only, Abaxes moves for class certification and requests discovery and a briefing schedule.

4. Plaintiffs seeking to certify a class must satisfy each of the requirements outlined in Federal Rule of Civil Procedure 23(a) and at least one of the three criteria for certification under subsection (b). *Zollicoffer v. Gold Standard Baking, Inc.*, 335 F.R.D. 126, 153 (N.D. Ill. 2020).

5. As alleged in the Complaint, class certification pursuant to Rule 23(a) is warranted because: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). These terms are generally referred to as numerosity, commonality, typicality, and adequacy. *Zollicofer*, 335 F.R.D. at 153.

6. As alleged in the Complaint, class certification is also warranted pursuant to Rules 23(b)(2) and (b)(3). To meet the criteria for certification under (b)(2), "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). To meet the criteria for certification under (b)(3), there must be "questions of law or fact common to the members of the class," and those questions must "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(2). Furthermore, plaintiffs must show that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.*

7. Specifically, the hundreds of putative class members, including Abaxes, were subjected to the same wrongful activity when Defendants employed a scheme to defraud the class

by failing to pay class members the true compensation they were owed under their respective lease agreements. (*See*, *e.g.*, Compl., Dkt. No. 1, ¶¶ 1-6, 56-57.) All class members are entitled to injunctive relief enjoining Defendants from continuing their unlawful behavior and damages resulting from Defendants' unlawful actions. (*Id.* at ¶¶ 56-57.) In addition, Abaxes's claims are typical of the class, and Abaxes represented by counsel with experience litigating complex federal and state class action lawsuits. (*Id.* at ¶¶ 51-53.)

8. Therefore, class certification is appropriate in this case. Nonetheless, Abaxes requests that the Court defer ruling on this motion and grant them leave to conduct class discovery to fully develop the record in support of class certification.

9. The Northern District has issued express guidance on filing motions for class certification contemporaneously with class action complaints. The guidance can be found at https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=964/. The guidance notes that these motions may be filed early in light of the Seventh Circuit's holding in *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015), and the United States Supreme Court's holding in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165-66 (2016). However, the Northern District encourages parties to enter into a stipulation withdrawing such motions. The sample stipulation cited by the Northern District is attached as Exhibit A ("Stipulation and Order Withdrawing Motion for Class Certification"). Once opposing counsel enters their appearance in this case, undersigned counsel will request a similar stipulation for this case.

10. Accordingly, Abaxes respectfully requests that the Court enter an order allowing Abaxes to conduct discovery to fully develop the facts related to the issues for certification. Abaxes further requests that it be granted leave to file a memorandum of law in support of this motion in accordance with a scheduling order to be entered by the Court.

WHEREFORE, Abaxes respectfully moves for class certification and requests that the Court delay ruling on this motion pending completion of discovery and a briefing schedule on the motion for class certification.

Dated: May 10, 2022

Respectfully submitted,

ABAXES, INC., individually and on behalf of a class of others similarly situated

By: /s/ *Daniel L. Stanner*
One of Their Attorneys

Caesar A. Tabet (ARDC #6196308)
Daniel L. Stanner (ARDC #6210770)
Nicole R. Marcotte (ARDC #6338479)
Tabet DiVito & Rothstein LLC
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
Telephone: (312) 762-9450
Facsimile: (312) 762-9451
ctabet@tdrlawfirm.com
dstanner@tdrlawfirm.com
nmarcotte@tdrlawfirm.com

Steve McCann (ARDC #6318252)
Ball & McCann, P.C.
161 North Clark Street, Suite 1600
Chicago, Illinois 60601
Telephone: (872) 205-6556
Facsimile: (872) 204-0244
Steve@BallMcCannLaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 10, 2022, he electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants, and I hereby certify that I have mailed by Unites States Postal Service the document to any non-CM/ECF participants.

/s/ *Daniel L. Stanner*
Attorney for Plaintiff